UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-00042-TBR

**MICHAEL GRISE**                                                                                   **PLAINTIFF**

v.

**CHRISTIAN COUNTY FISCAL COURT, et al.**                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court upon Defendants Motion for Summary Judgment (DN 29). Plaintiff, Michael Grise, has filed a response (DN 37). Defendants have filed a reply (DN 40). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

Also before the Court is Defendant Livy Leavell, Jr.'s Motion for Summary Judgment (DN 31). Plaintiff, Michael Grise, has filed a response (DN 37). Defendants have filed a reply (DN 40). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.

## BACKGROUND

Michael Grise was hired as a Deputy Jailer part-time at the Christian County Detention Facility in June of 2004. On October 5, 2004, Leroy Kendrick, a fellow deputy jailer was terminated. Kendrick filed suit in federal court against Christian County Fiscal Court and several individuals in their personal and professional capacities as employees of the Christian County Jail ("Jail"). Kendrick alleged racial discrimination, hostile work environment, violation of his due process rights, conspiracy, retaliation, and intentional infliction of emotional distress. The Jail stated that Kendrick had been terminated for use of excessive force. Grise had been present during the incident when Kendrick was alleged to have used excessive force. Grise gave deposition testimony

and was called as a witness during Kendrick's trial which began on November 14, 2006 and was settled on November 17, 2006. Several Jail employees participated in the Kendrick trial. Some were called as witnesses by Kendrick, while others as witnesses by the Jail. Those who were called as witnesses by the Jail were paid comp time for their time spent testifying in both depositions and at trial. Grise was not paid comp time for his testimony. Grise alleges that Jailer Brad Boyd told him that he was not paid because he testified for Kendrick.

At Christmas, jailer Leavell paid bonuses to the employees of the Jail. Grise states that he did not receive a bonus, nor did the other employees who testified in favor of Kendrick.

Sometime after December 25, 2006, Grise was terminated. The Jail states that the reason for Grise's termination was his repeated tardiness and failure to show up for his shifts on December 24 and 25, 2006. The Jail has presented the following evidence regarding Grise's attendance: 1) on April 3, 2005, a statement was placed in Grise's file about his tardiness; 2) on April 17, 2005, a Performance Counseling Report was conducted observing that Grise was late for work on several occasions; 3) Grise was late to work on June 29 and 30, 2005; 4) Grise was again late on August 13 and 20, 2005; 5) Grise was again late on September 10 and 22, 2005; 6) Grise's file notes he was late on November 5, 2005 and failed to report for his shift on November 21, 2005; 7) on August 20, 2006 Grise failed to report for his shift; 8) again, on November 26, 2006, Grise did not report for his shift; 9) finally, on December 24 and 25, 2006, Grise did not report for his shifts.

After his termination, Grise, along with Damon Vinson, filed this action in federal court. Vinson alleged racial discrimination, violation of due process, retaliation in violation of Title VII and the Kentucky Civil Rights Act ("KCRA"), and retaliation in violation of the Kentucky Whistleblower Act. Vinson's claims have been settled and are no longer before this Court. Grise

alleged violation of due process, retaliation in violation of Title VII and KCRA, and retaliation in violation of the Kentucky Whistleblower Act.

Defendants now move for summary judgment. Defendant Livy Leavell, Jr., also moves for summary judgment independently.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

**I. Defendants' Motion for Summary Judgment**

    **a. Counts I and II**

Count I of the Amended Complaint refers to a claim of discrimination in violation of Title VII as to Vinson, not Grise. Therefore, this claim has been settled and is no longer before the Court.

Count II of the Amended Complaint alleges violation of due process as to both Vinson and Grise. The Amended Complaint alleges the plaintiffs were not provided with a copy of the Christian County Administrative Code relating to the grievance procedure available to him following the decision to terminate his employment and that the Jail's failure to notify him of this procedure violated his due process rights as outlined in Section 2 of the Kentucky Constitution.[1] The proof shows, and Grise does not dispute, that he was in fact provided access to the grievance procedure. Case law makes clear there is no violation of due process based on this allegation. *See Kendrick v. Christian County Fiscal Court*, No. 5:05cv-204-R, 2006 WL 3240821, *8 (W.D. Ky. 2006). Grise

---

[1] The Amended Complaint specifically states
9. That at no time before or after either of the Plaintiffs' terminations from their employment with the Christian County Jail were they informed of or provided with the Christian County Administrative Code, adopted by Action of Christian County Fiscal Court on the 22nd day of May 2001, drafted by J. Michael Foster, Christian County Attorney.
10. That Section 5.54 of the above-mentioned Code provides for a grievance procedure for any dispute that an employee may have with Christian County. Plaintiffs were never notified of the Code or any procedures relating to the grievance process, or any other rights they may have had as employees of the Defendant Jail.
11. That Defendant Jail's failure to notify Plaintiffs of their due process rights constitutes a violation of said administrative code and a violation of Plaintiff's due process rights outlined in Section 2 of the Kentucky Constitution and the United States Constitution. Said terminations also violate KRS 71.060.
Amended Complaint ¶¶ 9-11.

now, for the first time, argues in his brief that he was provided no notice or opportunity to be heard prior to his termination in violation of substantive due process. Grise further argues it violates procedural due process for the Defendants to fail to follow their own policy regarding termination procedure, e.g., failing to provide two weeks notice of termination. These allegations are not set forth in the Amended Complaint; therefore, these allegations are asserted too late and must be dismissed.

### b. Count III

Count III of the Amended Complaint alleges that Defendants retaliated against Grise for his participation in the racial discrimination investigation brought by Leroy Kendrick in violation of Title VII and the Kentucky Civil Rights Act ("KCRA"). Grise states he gave statements to the Equal Employment Opportunity Commission ("EEOC"), and provided testimony by deposition as well as live at trial. Grise states that his testimony was in direct conflict with the Jail's interest and that following the litigation Defendant Boyd terminated his employment for pretextual reasons.

Title VII, Section § 2000e-3(a) states in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). In order to establish a claim for retaliation under Title VII, the plaintiff must show that

> 1) he engaged in activity protected by Title VII; 2) this exercise of protected rights was known to Defendants; 3) Defendants thereafter took an adverse employment action against Plaintiff, or Plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and 4) there was a causal connection between the protected activity and the adverse employment action or harassment.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000) (citations omitted).

If the plaintiff only has circumstantial evidence of discrimination a shifting-burden approach is applied. *Id.* First, the plaintiff must establish a prima facie case of retaliation, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the plaintiff's termination. *Id.* (citing *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir.2000)); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden then shifts back to the plaintiff to "demonstrate that the proffered reason was not the true reason for the employment action-i.e., that the reason was a mere pretext for discrimination." *Id.* at 578-79 (citations omitted).

However, if the plaintiff in a Title VII retaliation case has direct evidence of discrimination, then the case is considered a mix-motive case and the shifting-burden analysis is not applicable. *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 381-82 (6th Cir. 2002). "Rather, the burden shifts to the employer to prove by a preponderance of the evidence that it would have made the same decision absent the impermissible motive." *Id.* at 382 (citations omitted).

In support of his claim for retaliation Grise asserts Defendants failed to pay him comp time for his testimony; failed to pay him a Christmas bonus; and terminated him. The only direct evidence presented is Grise's testimony that Boyd told him he was not being paid comp time because he was called as a witness by Kendrick. The payment of comp time was not addressed by Defendants in their motion for summary judgment or their reply; Defendants focused solely on Grise's termination.

Grise's termination is only circumstantial evidence, therefore, the Court must apply the burden-shifting approach. Grise has established a prima facie case and Defendants have articulated a legitimate, nondiscriminatory reason for Plaintiff's termination: repeated tardiness and failure to arrive for work. The burden now shifts back to Grise to provide evidence that this reason is merely

6

pretext.  In order to meet this burden "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir.1994) (citing *Gaworski v. ITT Commercial Finance Corp.*, 17 F.3d 1104, 1109 (8th Cir.1994)) (overruled on other grounds by *Geiger v. Tower Automotive*, 579 F.3d 614 (6th Cir. 2009).  In order to establish pretext, the plaintiff must show  "(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [the action], or (3) that they were insufficient to motivate [the action]." *Id.* at 1084 (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir.1993)) (emphases in original).

     Grise argues that the reason provided by Defendants is pretext because there is no documentation to suggest that Grise was scheduled to work on December 24 and 25, 2006, and there is no documentation that Grise was written up for those missed days.  Grise's points out his time sheet for the week including December 24 and 25, 2006,  has no indication Grise was scheduled to work those dates and does not state he was a "no show," as had been previously noted on earlier time sheets when Grise had been absent.  Grise also testified in his deposition that he was unsure whether he was scheduled to work on December 24 and 25, 2006.  Grise Dep. 56.

     Defendants have provided the schedule from the week of December 24 to December 30, 2006, which clearly indicates Grise was scheduled to work from 4:00 p.m. to 12 midnight on both December 24 and December 25.  Plaintiff also testified that he was aware of Jail policy that all employees worked on those dates.  Grise Dep. 56.  Defendants have also provided an Incident Report created by Captain Howell and a Statement created by Lieutenant Maldonado which attest to Grise's absence from his shifts on December 24 and 25, 2006.  Defendants have also provided the affidavit of Susan McIntosh, Personnel Director at the Jail, which states that Grise was aware

7

he was scheduled to work on December 24 and 25 and informed her he would not be at work on those days.

The record reflects Defendants' stated reason had a basis in fact. Plaintiff is also unable to establish that the stated reason did not actually motivate his termination or that the stated reason was insufficient to motivate his termination. The Court finds that even taking the evidence in a light most favorable to Grise, he has not produced sufficient evidence from which the jury could reasonably reject the employer's explanation.

The remaining two issues are payment of comp time and payment of the Christmas bonus. These issues were not sufficiently briefed for the Court to rule regarding them at this time. Summary judgment as to this count is denied.

### c. Count IV

Court IV of Plaintiff's Amended Complaint alleges violation of the Kentucky Whistleblower Act, KRS 61.101, *et seq*., which provides protection from retaliation when public employees disclose or report violations of the law or mismanagment.

The Kentucky Whistleblower Act states in part

> No employer shall subject to reprisal, or directly or indirectly use, or threaten to use, any official authority or influence, in any manner whatsoever, which tends to discourage, restrain, depress, dissuade, deter, prevent, interfere with, coerce, or discriminate against any employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of . . . the judiciary or any member or employee of the judiciary, any law enforcement agency or its employees, or any other appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety.

In order to establish a cause of action under this Act, the plaintiff must show

> (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Davidson v. Com., Dept. of Military Affairs*, 152 S.W.3d 247, 251 (Ky. Ct. App. 2004) (citing *Woodward v. Commonwealth*, 984 S.W.2d 477, 480-81 (Ky. 1998)).

It is undisputed that the employer in this case is an officer of the state and that Grise was employed by the state. Defendants argue Grise is unable to establish the third element: that he made or attempted to make a good faith report or disclosure of a suspected violation of law to an appropriate body or authority. Defendants also assert the Jail did not take any action to threaten or discourage Grise from making any disclosure because the Jail did not know of any disclosures by Grise. Grise argues that he made disclosures of fraud, abuse of authority and inadequate medical staffing to his superiors and that these disclosures were made to the appropriate authorities as his superiors were employees of a law enforcement agency. Grise further states that the Defendants' knew of these disclosures since they were made to them internally.

The Court finds there is an issue of fact as to the third element: whether "the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority." *Davidson*, 152 S.W.3d at 251. "Disclosure" is defined by the statute as "a person acting on his own behalf, or on behalf of another, who reported or is about to report, either verbally or in writing, any matter set forth in KRS 61.102." Ky. Rev. Stat. Ann. § 61.10. The Kentucky Supreme Court has defined an "appropriate body or authority" as "any public body or authority with the power to remedy or report the perceived misconduct." *Workforce Development Cabinet v. Gaines*, 276 S.W.3d 789, 793 (Ky. 2008). In *Workforce Development*

9

*Cabinet*, the Court went on to hold that when the plaintiff reported to her own division, it was an appropriate body with the power to remedy or report the misconduct. *Id.* at 794. The Kentucky Supreme Court also noted that the legislature contemplated internal disclosures such as the ones allegedly made in this case. *Id.* at 793. Based on the statute, case law and the evidence in the record, Grise has provided sufficient evidence of a factual dispute regarding whether the third element of disclosure and disclosure to an appropriate body was met.

Defendants have also asserted Grise has failed to meet the fourth element: "the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure." *Davidson*, 152 S.W.3d at 251. An employee alleging violation of this act must show that his disclosure was a contributing factor in the action taken against him. *Davidson*, 152 S.W.3d at 251. The burden is then on the employer to prove that disclosure was not a material fact in the action. *Id.* "Contributing factor" is defined by the statute as

> any factor which, alone or in connection with other factors, tends to affect in any way the outcome of a decision. It shall be presumed there existed a "contributing factor" if the official taking the action knew or had constructive knowledge of the disclosure and acted within a limited period of time so that a reasonable person would conclude the disclosure was a factor in the personnel action.

Ky. Rev. Stat. Ann. § 61.103 (b).

Grise has presented evidence that Defendants knew of the disclosures. It is unclear whether Grise attempts to assert that temporal proximity and knowledge as evidence that disclosure was a contributing factor. The Court believes this issue of causation is weak; however, taking the facts in a light most favorable to Grise, the Court finds there is evidence Defendants knew of the alleged disclosure, since it was made internally, and that Grise's termination was within a limited time

period so that a reasonable person could conclude the disclosure was a factor in his termination. This issue can better be examined at the close of all the evidence; therefore, summary judgment is denied as to this count.[2]

### d. Damages

Defendants argue in their Motion for Summary Judgment that Grise has provided no proof related to damages for lost wages and emotional distress. Grise in response submitted no evidence of damages to the Court, but argued he is statutorily entitled to damages pursuant to Title VII and the KCRA. The issue of damages was inadequately addressed by the parities. Neither party has provided sufficient references to the record in support of their position. The time for expert testimony has closed. The issue of damages may be examined at trial.

## II. Leavell's Motion for Summary Judgment

Defendant Livy Leavell has filed a Motion for Summary Judgment independently from the other Defendants. Leavell asserts in his motion that the only relevant claims against him were dismissed when the other plaintiff, Vinson, was dismissed. Leavell presents testimony of Grise that Leavell did not terminate Grise and Grise did not have any negative incidents involving Leavell.

Grise notes in response that Leavell was the jailer when he was not paid comp time for his testimony in the Kendrick matter and when he was not paid a Christmas bonus. As the claim involving these issues remains before the Court, Leavell remains a party in this action. The Court notes, however, there is no individual liability under Title VII, *Wathen v. General Elec. Co.*, 115

---

[2] Although not raised by Defendants, the Court notes there is also no individual liability under the Whistleblower Act. *Cabinet for Families and Children v. Cummings*, 163 S.W.3d 425, 430 (Ky. 2005). Therefore, Boyd may not be held liable in his individual capacity for violation of this Act.

F.3d 400, 404 (6th Cir. 1997), although there is individual liability under the KCRA. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 793-94 (6th Cir.2000). Therefore, Leavell is dismissed in his individual capacity for any Title VII liability under Count 3.

As to Count 4, violation of the Whistleblower Act, summary judgment is appropriate. Grise only alleges that he was terminated in violation of the Act and Grise has testified Leavell had nothing to do with his termination. The Court also notes there is also no individual liability under the Whistleblower Act. *Cabinet for Families and Children v. Cummings*, 163 S.W.3d 425, 430 (Ky. 2005). Therefore, Count 4 is dismissed as to Defendant Leavell.

## CONCLUSION

For the foregoing reasons, Defendants motion is GRANTED in part and DENIED in part. Defendant Leavell's motion is GRANTED in part and DENIED in part. Counts 1 and 2 are dismissed in their entirety. Count 3, violation of Title VII and KCRA, remains for the jury to consider; however, Leavell cannot be held personally liable for violation of Title VII. Count 4 is dismissed only as to Defendant Leavell and remains for the jury to hear as to the other Defendants. An appropriate order shall issue.